IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ROBERT THOMAS,** | : | Civil No. 1:19-cv-0840 |
| Plaintiff, | : | |
| v. | : | |
| **LAUREL HARRY and JOHN WETZEL,** | : | |
| Defendants. | : | Judge Sylvia H. Rambo |

## **O R D E R**

Before the court is a report and recommendation filed by the magistrate judge in which he recommends that Defendants' motion to dismiss Plaintiff Robert Thomas's complaint be granted in part and denied in part. (Doc. 20.) Specifically, he recommends that Thomas's claims brought pursuant to 42 U.S.C. § 1983 be dismissed without prejudice to Thomas filing an amended complaint but denied as to his Federal Credit Reporting Act ("FCRA") claim. No objections were filed to the report and recommendation, but on October 3, 2019, Thomas filed an amended complaint (Doc. 23) together with a motion to appoint counsel (Doc. 22).

In considering whether to adopt a report and recommendation when no objections have been filed, the court should, as a matter of good practice, "satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72(b), advisory committee notes; *see also Univac Dental Co. v. Dentsply Intern., Inc.*, 702 F. Supp. 2d 465, 469 (M.D. Pa. 2010)

1

(explaining that judges should review dispositive legal issues raised by the report for clear error). Following an independent review of the record, the court is satisfied that the report and recommendation contains no clear error and will therefore adopt it.

As to Plaintiff's request for an appointment of counsel, the court will deny the motion. Although prisoner's have no constitutional or statutory rights to appointment of counsel in civil cases, a court does have broad discretionary power to appoint counsel under 28 U.S.C. § 1915(d). *Tabron v. Grace*, 6 F.3d 147, 153, 155-57 (3d Cir. 1993) (setting forth non-exhaustive list of factors to be considered in ruling on a motion for appointment of counsel, including the merits of the claims and the difficulty of the legal issues). The Third Circuit has stated, however, that appointment of counsel for an indigent litigant should only be made "upon a showing of special circumstances indicating the likelihood of substantial prejudice to him resulting, for example, from his probable inability without such assistance to present the facts and legal issues to the court in a complex but arguably meritorious case." *Smith-Bey v. Petsock*, 741 F.2d 22, 26 (3d Cir. 1984). Plaintiff's motion fails to set forth sufficient special circumstances or factors warranting appointment of counsel. Plaintiff argues that he is unable to properly litigate the case due to difficulties in conducting legal research and understanding the law, but these issues are common to nearly all pro se litigants and are unlikely to cause substantial prejudice.

Accordingly, **IT IS HERBY ORDERED AS FOLLOWS**:

1) The report and recommendation of the magistrate judge is **ADOPTED**.

2) Defendants' motion to dismiss is **GRANTED IN PART** and **DENIED IN PART** as follows:

    a. The motion is granted with respect to Plaintiff's § 1983 claims insofar as these claims are dismissed without prejudice.

    b. The motion is denied with respect to Plaintiff's FCRA claim.

3) The motion for an extension of time is denied as moot.

4) The motion for an appointment of counsel is denied.

5) This case is remanded back to the magistrate judge for review of the amended complaint and for any further proceedings.

s/Sylvia H. Rambo  
Sylvia H. Rambo  
United States District Judge

Dated: October 25, 2019